**GENERAL ICE CREAM CORP. v. BENSON, Secretary of Agriculture.**

Civ. No. 4115.

United States District Court, N. D. New York.

June 24, 1953.

Hyman Sevits, Schenectady N. Y., and Harry Polikoff and Guggenheimer & Untermyer, New York City, for plaintiff.

Edmund Port, U. S. Atty., Northern District of New York, Syracuse N. Y. (J. Stephen Doyle, Jr., Special Asst. to the Atty. Gen., Washington, D. C., of counsel), John M. Durbin, Washington, D. C., for defendant.

FOLEY, District Judge.

This proceeding is the usual one under the terms of 7 U.S.C.A. § 608c(15) (B) to review a ruling of the judicial officer of the United States Department of Agriculture. The controversy followed the customary procedure for administrative review in these situations, 7 U.S.C.A. § 608c(15) (A), and the plaintiff by its complaint attacks the ruling and decision of the judicial officer as one not made "in accordance with law." The formal ruling of the judicial officer and the record of hearing upon which it is based are now filed with this court. The power to review in such situations is expressly circumscribed by the words of the statute and has been judicially decided as one that must be hesitant and cautious. Crowley's Milk Co. v. Brannan, 2 Cir., 198 F.2d 861, 863.

Upon such pleadings and record, the plaintiff moves for summary judgment and the defendant by cross motion asks the same summary adjudication in its favor. Without objection, the name of Hon. Ezra Taft Benson, the incumbent Secretary of Agriculture, has been substituted in the title. Stripped of the furbelows in the oral arguments and the briefs submitted, the motion in my judgment properly presents for summary disposition a concise and narrow question.

The material facts are simple and undisputed. In Order 27 of the Secretary of Agriculture, as amended, regulating the handling of milk in the New York Metropolitan area, there is Section 927.9(g) in reference to storage cream payments. Under the provisions of this section, the plaintiff corporation filed claims for storage cream payments. The claims were dated March 6, 1947 and filed March 7th and 10th with the market administrator (Plaintiff's Exhibits 9 through 13), and concededly totaled the substantial amount of $10,525.37. In each claim the month the storage cream was utilized is January 1947. These claims were disallowed by the market administrator because each was filed beyond the time limitation of thirty days set forth in Section 927.9(g) of Order 27. The limitation of time is stated in these few words, "Claims pursuant to this paragraph shall be made not later than 30 days after the month during which such frozen cream is utilized." The strict application of this 30-day provision by the disallowance of the claims by the market administrator and the concurrence in such rejection by the judicial officer creates the controversy here.

■ The contentions of the plaintiff here to avoid the impact of this strict application are a varied assortment. First, the argument is advanced that the limitation provision does not expressly declare forfeiture if the time limit is not met, thus indicating that the intent of the Secretary in making such provision was merely to formulate a directory and not a mandatory provision in this respect. However, in my judgment, it would be rank judicial intrusion on my part to substitute my judgment for the administrative interpretation of this directive. The words "not later than" are easily and logically capable of such mandatory interpretation. The other plain words used allow this interpretation, no matter how harsh it may be in its result and it is impossible for me to conclude that such interpretation and application were unreasonable and arbitrary, that the ruling was unjustified under the terms of the order in this respect and not in accordance with law. See Crowley's Milk Co. v. Brannan, supra.

■ The next contention of the plaintiff that the 30-day limitation exceeds the statutory authority seems slightly contrary to the position that the limiting provision would be legally proper if it contained the addition of express words of forfeiture or penalty. I agree with the reasoned conclusion of the judicial officer in this respect that the time limitation prescribed is well within the legislative grant of power in

Sections 8c(5) and 8c(7) (D) of the Act, 7 U.S.C.A. § 608c(5), 608c(7) (D). This filing of formal claim within a prescribed time limit cannot fairly be said to be beyond reasonable administrative discretion to effectuate the classifying and pricing method set up by the statute. The claim form itself, formal in certification, impressive and detailed, indicates a clear intention to devise an important and final step in ·this administrative procedure which would be much more than a mere bill or invoice.

The promulgation hearing upon the order in question was duly noticed and held in accordance with law. The briefs submitted by the various companies in the trade clearly indicate to me that the parties present and participating were fully cognizant of the result if the time limitation were not met. The apprehension of possible loss is substantiated by the position of several that the time limitation for filing should be a longer period.

I see little merit in the contention that up to October 1946 the order contained no time provision and since April 1949 there has been a change in the time of filing and the form of report. The administrative processes necessarily are one of trial and error and a policy once formulated in accordance with law cannot be made unlawful because of the change itself. If administrators became so hidebound, there would be little progress. The other point as to the waiver of time limits as to other reports provided by the order, and specifically the offer of proof that exact claims such as these in question were accepted after the 30-day period should be addressed to the Executive Department of the Government instead of the judicial. See Queensboro Farms Products v. Wickard, 2 Cir., 137 F.2d 969, 981–982; Dairymen's League Co-op. Ass'n v. Brannan, 2 Cir., 173 F.2d 57, 66. ·

Penalties and forfeiture are harsh and should be avoided whenever possible but the unfortunate loss to the plaintiff here was the result of its own late filing and the resulting monetary loss cannot be attributed to any unreasonable, unlawful, arbitrary or unconscionable act upon the part of the defendant Secretary or his authorized representatives.

It is my judgment that the ruling of the judicial officer herein must be sustained and affirmed as ·being in accordance with law. Summary judgment may enter for the defendant accordingly.